# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 8, 2013

Lyle W. Cayce
Clerk

No. 12-40727
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

OMAR QUEZADA-ALCALAR,

Defendant - Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 1:11-CR-527-1

Before BARKSDALE, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

A jury convicted Omar Quezada-Alcalar of: conspiracy to possess with intent to distribute more than five kilograms of cocaine; possession with intent to distribute more than five kilograms of cocaine; conspiracy to import more than five kilograms of cocaine; and importing more than five kilograms of cocaine. He was sentenced, *inter alia*, to 188 months' imprisonment. He challenges his convictions on numerous grounds.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-40727

For the first time on appeal, Quezada contends he did not intelligently and voluntarily proceed to trial because the district court erroneously advised him that, if he proceeded to trial, he would not qualify for the safety-valve reduction in advisory sentencing Guideline § 5C1.2 ("Limitation on Applicability of Statutory Minimum Sentences in Certain Cases"). We review only for plain error. To the extent the court erroneously advised Quezada, he has failed to establish reversible plain error: he cannot show any error affected his substantial rights given his electing to proceed to trial, despite being advised that he faced a harsher sentence than if he pleaded guilty. *Cf. United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004) (defendant seeking reversal where district court plainly erred under Rule 11 must show reasonable probability he would not have entered plea but for court's error).

For the importation charges, Quezada contends there was insufficient evidence he imported, and conspired to import, cocaine into the United States because there was no evidence that he knew the cocaine in the vehicle originated outside the United States. Given the ties of the persons involved to Mexico and the proximity of the vehicle to Mexico, a reasonable juror could rationally have found Quezada knew the vehicle and cocaine contained in it originated in Mexico. Thus, the evidence was sufficient to sustain Quezada's convictions for importing, and conspiring to import, cocaine. *See United States v. Ferguson*, 211 F.3d 878, 882-83 (5th Cir. 2000) (discussing standard of review for sufficiency challenges); *e.g.*, *United States v. Osgood*, 794 F.2d 1087, 1094 (5th Cir. 1986) (holding evidence sufficient to support conviction for conspiracy to import cocaine).

Next, Quezada contends: the Government failed to disclose statements attributed to him by an agent in violation of Federal Rule of Criminal Procedure 16 (Government must disclose, upon defendant's request, *inter alia*, certain relevant oral statements made by defendant during interrogation); and the court abused its discretion by denying his motion for a mistrial. Assuming *arguendo*

Rule 16 was violated, Quezada has failed to show any abuse of discretion. *E.g.*, *United States v. Garcia*, 567 F.3d 721, 734-35 (5th Cir. 2009) (assuming violation of Rule 16, no abuse of discretion in admitting photographs where defendant failed to demonstrate prejudice to his substantial rights). Defense counsel had the opportunity to impeach the agent on cross-examination regarding the omission of the statements at issue from the agent's handwritten notes and another agent's written report. Accordingly, Quezada has not demonstrated his substantial rights were prejudiced by any surprise resulting from the alleged Rule 16 violation. *E.g.*, *United States v. Cuellar*, 478 F.3d 282, 294 (5th Cir. 2007) (en banc) (no showing of prejudice to substantial rights where purposes of Rule 16 not frustrated), *rev'd on other grounds*, 553 U.S. 550 (2008).

Quezada contends the court abused its discretion by denying his new-trial motion based on the Government's remarks during closing argument. The Government stated it was limited by our court's precedent to respond to defense counsel's asserting the agents conspired to testify falsely that Quezada confessed. Quezada's asserting the remarks were improper is conclusional, particularly in the light of the specific reasons given by the district court in ruling the remarks were not improper. *See United States v. McCann*, 613 F.3d 486, 494 (5th Cir. 2010) (identifying two-step analysis court applies to determine presence of prosecutorial misconduct). Although Quezada asserts he was prejudiced by the remarks because his credibility was a central issue, he does not address the effect of the cautionary instructions given and the strength of the other evidence of his guilt. *Cf. id.* at 496. Accordingly, he has failed to demonstrate an abuse of discretion. *See United States v. Jefferson*, 258 F.3d 405, 412 (5th Cir. 2001) (assuming prosecutor's closing-argument statement was prejudicial, facts and circumstances of case render error not sufficiently prejudicial to warrant grant of new trial).

Quezada contends there was not a sufficient factual basis for the objected-to deliberate-ignorance jury instruction because the evidence, at most, supported

3

an inference of actual awareness.  Unlike *United States v. Mendoza-Medina*, 346 F.3d 121, 133-34 (5th Cir. 2003), Quezada's admissions support the inference that he was subjectively aware of a high probability cocaine was in the vehicle. He has failed to show the court abused its discretion by giving the instruction. *E.g.*, *United States v. Elashyi*, 554 F.3d 480, 504 (5th Cir. 2008).

AFFIRMED.